# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAMES DEWEY BAILEY,**

      **Plaintiff,**

v.                                                                   Case No: 6:17-cv-1841-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

James Dewey Bailey (Claimant) appeals the Commissioner of Social Security's final decision denying his application for disability benefits. Doc. 1. Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. Doc. 17 at 9-12, 17-19, 21. The Commissioner argues that the ALJ committed no legal error and that his decision is supported by substantial evidence and should be affirmed. *Id*. at 12-17, 19-21. Upon review, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.

**I.**     **Procedural History**

This case stems from Claimant's application for disability insurance benefits. R. 162-65. Claimant alleged a disability onset date of March 8, 2014. R. 162. Claimant's application was denied on initial review and on reconsideration. The matter then proceeded before an ALJ. On October 27, 2016, the ALJ entered a decision denying Claimant's application for disability benefits. R. 24-35. Claimant requested review of the ALJ's decision, but the Appeals Council denied his request for review. R. 1-3. This appeal followed.

## II. The ALJ's Decision

The ALJ found that Claimant suffered from the following severe impairments: disorders of the spine; cervical radiculitis; mild carpal tunnel syndrome; left cubital tunnel syndrome; hypertension; psoriasis; Guillain-Barre syndrome; chronic inflammatory demyelinating polyneuritis; history of diverticulitis; history of muscle weakness; and history of benign prostatic hyperplasia. R. 26. The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. R. 27.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b)[1] with the following limitations:

> In a normal 8-hour workday with normal work breaks, the claimant can sit, stand or walk for up to 6 hours each; he can lift/carry up to 20 pounds occasionally, 10 pounds frequently; and he can push/pull as much as he can lift and carry. The claimant is further limited to no more than occasional use of hand and foot controls; no more than frequent overhead reaching; no more than occasional climbing of ramps/stairs, but never climbing of ladders or scaffolds; he must avoid work around unprotected heights and moving mechanical parts; and in addition to normal work breaks, time off-task may be up to 10% of a normal 8-hour workday.

R. 27. In light of this RFC, the ALJ found that Claimant would be able to perform his past relevant work as a dispatcher. R. 34.[2] Thus, the ALJ concluded that Claimant was not disabled between his alleged onset date, March 8, 2014, through the date of the ALJ's decision, October 27, 2016. *Id*.

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

[2] The ALJ did not alternatively consider whether Claimant could perform other work in the national economy. *See* R. 34.

**III.  Standard of Review**

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.  Analysis**

Claimant argues that the ALJ failed to weigh Dr. Mandeep Garewal's opinion and failed to state good cause reasons for assigning Dr. John Yee's opinion less than controlling weight.  Doc. 17 at 9-12, 17-19.  Thus, Claimant requests that the Commissioner's final decision be reversed and remanded for further proceedings.  *Id*. at 21.

The Commissioner essentially argues that the ALJ applied the correct legal standards with respect to Drs. Garewal's and Yee's opinions, and that his findings as to that evidence were supported by substantial evidence.  *Id*. at 12-17, 19-21.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[3]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary. 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179. There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

**A. Dr. Garewal**

Dr. Garewal, a neurologist, treated Claimant on several occasions between April 2014 and June 2014. R. 363-78. Dr. Garewal assessed Claimant with idiopathic progressive polyneuropathy, disturbance of skin sensation, and chronic inflammatory demyelinating polyneuritis. *Id*. On May 15, 2014, Dr. Garewal wrote the following on a prescription pad:

> I am treating [Claimant] for progressive neuropathy[,] which is resulting in weakness, pain, and sensory deficits. I don't presently think [Claimant] can work.

R. 219. Claimant notes that the ALJ did not mention or weigh the foregoing opinion and, as a result, the ALJ failed to apply the correct legal standard in reaching his ultimate decision. Doc. 17 at 11-12.

The ALJ discussed Dr. Garewal's treatment notes but did not, as Claimant notes, mention or weigh Dr. Garewal's opinion. R. 30-31. The ALJ's silence does not require reversal.

The first part of Dr. Garewal's opinion discusses Plaintiff's impairment and resulting symptoms. R. 219. The presence of symptoms, in and of themselves, does not necessarily provide insight as to the limitations caused by those symptoms. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (explaining the mere existence of an impairment does not reveal the extent to which that impairment limits a claimant's ability to perform work–related functions). Thus, the ALJ was under no obligation to weigh Dr. Garewal's statements concerning Claimant's

symptoms, because those symptoms did not provide insight about the functional limitations they caused.

Further, the very symptoms that Dr. Garewal described were noted elsewhere in the medical record, which the ALJ thoroughly considered. *See* R. 29-32. Thus, even if the ALJ erred by not mentioning or weighing Dr. Garewal's opinion, the error is harmless given the ALJ's consideration of other medical evidence documenting similar symptoms and his apparent accounting of those symptoms in his RFC determination. *See* R. 34 ("Although there is no doubt the claimant's neurological disorders have resulted in a number of physical limitations, [Claimant] has not established that these symptoms are of such intensity and frequency that he is unable to work at the sedentary/light level.").

The second part of Dr. Garewal's opinion simply concludes that Claimant is unable to work. R. 219. This opinion addresses the ultimate issue before the Commissioner—whether Claimant is disabled—and, as such, "is not considered a medical opinion and is not given any special significance, even if offered by a treating source[.]" *Kelly v. Comm'r of Soc. Sec.*, 401 F. App'x 403, 407 (11th Cir. 2010); *see Williams v. Acting Comm'r of Soc. Sec.*, 649 F. App'x 1000, 1002 (11th Cir. 2016) (holding that a treating physician's opinion that a claimant was "fully disabled" was not a medical opinion, but rather a conclusory legal judgment on issues reserved to the Commissioner); SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996) ("[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance."). Thus, considering opinions like Dr. Garewal's are not entitled to any particular weight, the ALJ's failure to expressly weigh Dr. Garewal's opinion, at most, constitutes harmless error and, thus, does not require reversal. Therefore, the Court rejects Claimant's first assignment of error.

**B. Dr. Yee**

Dr. Yee, a general practitioner, treated Claimant during the relevant period. Claimant routinely presented to Dr. Yee complaining of weakness and fatigue. *E.g.* R. 248, 410, 412. Between March 2014 and December 2014, Dr. Yee's physical examinations of Claimant routinely revealed a weak and fatigued appearance, 3/5 muscle strength in the upper and lower extremities, and a weak gait. R. 248, 410, 412, 414, 424. Dr. Yee's examinations during this period were otherwise unremarkable. *Id*.

On December 12, 2014, Dr. Yee completed an assessment of Claimant's ability to do work-related activities. R. 417-18. Dr. Yee opined that Claimant can sit for no more than 1-2 hours at a time and a total of 6-7 hours in an eight-hour workday, he can stand for no more than 20 minutes at a time and a total of 4 hours in an eight-hour workday, and he can walk for no more than 5-10 minutes at a time and for a total of 2-3 hours in an eight-hour workday. R. 417-18. In addition, Dr. Yee opined that Claimant can continuously lift/carry less than 5 pounds, needs two hands to carry items, has "poor" grip and dexterity in his hands, and has a "limited" ability to bend, push, and pull. *Id*.

Dr. Yee continued to treat Claimant following December 12, 2014. Between March 2015 and April 2016, Dr. Yee's physical examinations of Claimant were largely unremarkable, with only two observations of psoriatic changes on the palms of Claimant's hands. R. 421, 459-60, 462, 512.

In his decision, the ALJ considered Dr. Yee's opinion and assigned it partial weight to the extent it was consistent with the RFC determination. R. 33. In support, the ALJ explained that Dr. Yee's opinion is "somewhat inconsistent with the medical evidence as a whole, including his

own treatment records, which denote fair response to treatment; conservative treatment plan recommendations; and largely normal general medical exams." *Id*.

Claimant argues that the ALJ's "reason for rejecting Dr. Yee's opinion is conclusory and fails to establish the requisite good cause for rejecting [Dr. Yee's] opinion." Doc. 17 at 18-19. The Court disagrees. While the ALJ's finding that Dr. Yee's opinion is "inconsistent with the medical evidence as a whole" is, in and of itself, conclusory, the ALJ proceeded to offer a more detailed explanation in support of the weight he assigned to Dr. Yee's opinion. Specifically, the ALJ pointed to Dr. Yee's own treatment records. R. 33. In doing so, the ALJ found that Dr. Yee's examinations of Claimant, his treatment of Claimant, and Claimant's response to treatment did not support those opinions that were inconsistent with the RFC, such as Dr. Yee's opinion concerning Claimant's ability to stand and walk. *Id*. The ALJ's reasoning is supported by substantial evidence. For example, the ALJ pointed to Dr. Yee's treatment records, which, for a short period of time, revealed some reduced strength in Claimant's upper and lower extremities and a weak gait. R. 410, 412, 414, 424. However, Dr. Yee's other examinations were, for all intents and purposes, unremarkable. R. 248, 421, 459-60, 462, 512. These unremarkable results can reasonably be viewed as contradicting several of Dr. Yee's opinions concerning Claimant's limitations. Indeed, Claimant does not argue otherwise and, thus, has effectively conceded the point. *See* Doc. 17 at 18-19. Thus, the Court finds that the ALJ provided specific, good cause reasons, which were supported by substantive evidence, to assign Dr. Yee's opinion less than considerable weight. Therefore, the Court rejects Claimant's second assignment of error.

**V.   Conclusion**

Accordingly, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 15, 2019.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Bernard Porter
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224